IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL T. CARTER #140128 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv322 |
| WAYNE SCOTT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Carter, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Carter complains about an injury that he suffered at the Coffield Unit at some time been 1981 and 1983, when he was working in a field squad and a tree fell on him. Carter says that another inmate cut down the tree and did not yell "timber," or anything else. He asks that the Court find the prison system negligent and award him monetary damages for all of the years of pain and suffering.

After review of the pleadings, the Magistrate Judge issued a Report on October 12, 2007, recommending that the lawsuit be dismissed. The Magistrate Judge observed that prior to September 1, 1987, the statute of limitations was tolled on claims arising when the claimant was imprisoned, but that this law was changed and the limitations period began to run on September 1, 1987. Consequently, the limitations period for Carter's claim expired on September 1, 1989, when the limitations period expired. The Magistrate Judge observed that Carter clearly knew of the injury at the time that it occurred, and that he was aware of it on September 1, 1987, the date that the limitations period commenced to run. However, Carter did not sign his lawsuit until June 29, 2007,

almost 20 years after the limitations period began to run, and over 17 years after the period had expired. The Magistrate Judge therefore concluded that Carter's lawsuit was barred by the statute of limitations.

In addition, the Magistrate Judge said, Carter's lawsuit makes clear that his claim is one of negligence, which does not state a constitutional claim. The Magistrate Judge cited Bowie v. Procunier, 808 F.2d 1142 (5th Cir. 1987), in which an inmate lost an eye because he was not provided adequate safety equipment at work, and the Fifth Circuit held that the inmate had failed to state a claim upon which relief could be granted because the claim was of nothing more than negligence. Carter's case is very similar, the Magistrate Judge said, because Carter, like Bowie, suffered serious injury but failed to show that this injury was the result of deliberate indifference to his safety. The Magistrate Judge therefore recommended that the lawsuit be dismissed with prejudice as frivolous.

Carter filed objections to the Report of the Magistrate Judge on November 5, 2007. In his objections, Carter says first that neither 42 U.S.C. §1983 nor §1988 contain a statute of limitations. However, the Supreme Court and the Fifth Circuit have made clear that the applicable limitations period is that provided for by state law, which in Texas is two years. Burrell v. Newsome, 883 F.2d 416, 420 (5th Cir. 1989). The Magistrate Judge did not err in applying a two-year limitations period, starting in 1987 as per Texas law, to Carter's claim.

Next, Carter says that the limitations period did not begin to accrue until 2007, when he first became aware of the seriousness of the injury. However, the Fifth Circuit has held that a cause of action accrues when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. Piotrowski v. City of Houston, 51 f.3d 512, 516 (5th Cir. 1995). Carter knew that he had suffered an injury when the tree fell on him; he certainly had sufficient information to know that he had been injured as of September 1, 1987, the day that the statute of limitations began to run. Under Texas law, a plaintiff need not know the full extent of his injury because it is the discovery of the injury, not all of the elements of the cause of action, that starts the limitations clock. Doe v. Henderson Independent School District, 237 F.3d 631 (5th Cir.,

October 31, 2000) (unpublished), *citing* Bayou Bend Towers Council of Co-Owners v. Manhattan Construction Co., 866 S.W.2d 740, 743 Tex.App.-Houston [14th Dist.] 1993, writ denied). Carter's contention that the limitations period did not begin to run until 2007 is without merit.

Finally, Carter argues that the supervisor "failed to monitor on how to protect the inmates and the Plaintiff from injury, which shows a deliberate indifference." He says that some inmates had protective gear while others did not. Setting aside the question of whether protective gear could have kept Carter from injury when a tree which he estimated at 900 pounds fell on him. Carter's allegations fail to show that the prison officials were deliberately indifferent rather than simply negligent or careless. In Bowie, as the Magistrate Judge explained, an inmate was seriously injured because of the lack of protective equipment, but this was held to be negligence rather than deliberate indifference. The same circumstance exists in the present case, and so Carter's claim is without merit even were it not barred by the statute of limitations.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A(b). It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 14th day of November, 2007.**

3

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE